IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEVONTE M. WILLIAMS,

                              Plaintiff,                                 ORDER

    v.

                                                                22-cv-604-jdp

ZACHARY CALDERA, *et al.*,

                              Defendants.

---

       This lawsuit arises out of plaintiff Devonte M. Williams's allegations that when he was incarcerated at the Wisconsin Secure Program Facility (WSPF), staff failed to stop him from cutting himself. This order addresses two discovery disputes, the Doe defendant, and the schedule.

**I. Motion to compel**

       Williams has moved to compel defendants to produce (1) interrogatory responses from defendant Wyatt Weadge; and (2) video footage from the morning of Williams's self-harm incident, dkt. 24. Williams seeks expenses for the motion because the delays have hampered his ability to prepare for summary judgment. *Id.* In their response, defendants report that they have produced Weadge's responses which took so long because he had been unresponsive for months. Defendants further reported that there is no footage of the morning of the incident (they've already turned over footage from the evening), and that there is no prejudice because the parties received one extension of the dispositive motions deadline and filed a second joint motion for extension of time to accommodate a settlement conference.

       The court allowed a reply by Williams, but he did not file one, so I surmise that he is satisfied with defendants' response. Therefore, I will deny the motion to compel as moot and I will not shift costs against defendants. *Cf. Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (failing to respond to an argument results in waiver).

That said, defendants' response regarding the video footage is unsatisfactory. First, defendants contend that the video that they already have provided (from 5:00 to 9:00 the night of the incident) "seems to show the entire incident at the center of the lawsuit," dkt. 28, at 2, but Williams's allegations in this case start on the morning of the incident. In the absence of video from the morning, the court is not currently in a position to accept defendants' assertion. This intertwines with the court's second concern: why wasn't the morning video preserved? Defendants state that any other footage would have been deleted after 120 days as part of the prison's retention policy. How should the court view this in light of defendants' known duty to preserve evidence in anticipation? Defendants will have to provide more information that more fully explains what happened here and why. Moreover, I am aware of at least one previous case in which WSPF footage was found by staff in a location other than the usual electronic repository for such footage. *Turner v. Boughton*, No. 19-cv-1001 jdp, 2023 WL 2474730, at *1 (W.D. Wis. Mar. 13, 2023). Has such a search been conducted here? If not, then it must be conducted now. Regardless of the results of the new search, defendants must submit a copy of the extant afternoon video to the court for its review.

**II. John Doe defendant**

The court granted Williams leave to proceed on an Eighth Amendment claim against an unidentified "John Doe" defendant correctional officer, *see* dkt. 4. But Williams has not identified the Doe or amended the complaint to name that defendant. I will give Williams a short time to show cause why the court should not dismiss the Doe.

**III. Motion for extension of time**

The parties have filed a joint motion for extension of the dispositive motions deadline, dkt. 29, to accommodate their unsuccessful December settlement conference. I will grant the motion for

extension of time, but this requires pushing back the March 18 trial date. Accordingly, the court schedule is amended as follows:

ORDER

It is ORDERED that:

(1) Plaintiff Devonte M. Williams's motion to compel discovery, dkt. 24, is DENIED WITHOUT PREJUDICE as moot.

(2) Not later than January 24, 2024, defendants must respond to the courts questions regarding preservation of video.

(3) Not later than January 24, 2024, plaintiff may show cause why the court should not dismiss the Doe defendant.

(4) The parties' joint motion to amend the schedule, dkt. 29, is GRANTED, and then some. This is the new schedule:

> Dispositive motions deadline: February 9, 2024
>
> Discovery cutoff: March 29, 2024
>
> Final pretrial submissions and disclosures: April 26, 2024
>
> Pretrial submission responses: May 10, 2024
>
> Final pretrial conference: May 17, 2024, at 2:00 p.m.
>
> Jury selection and trial: Tuesday, May 28, 2024, at 9:00 a.m.

Entered this 10th day of January, 2024.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge